UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS D. HOVANSKI,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>PAMELA AHLIN, Executive Director,<br><br>　　　　　　Respondent. | 1:10-CV-00312 LJO GSA HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

　　　　Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He is presently being civilly detained pursuant to California's Sexually Violent Predator Act ("SVPA"). This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

　　　　On October 27, 2009, Petitioner filed the instant habeas petition in the Sacramento Division of this Court.  By order dated February 23, 2010, the petition was transferred to the Fresno Division and received in this Court. Petitioner raises two claims: 1) He asserts California's SVPA is unconstitutional because it has operated to lengthen his maximum prison term in violation of the Ex Post Facto Clause of the United States Constitution; and 2) He contends he was denied due process when the California Board of Parole Hearings placed a 45-day hold on him beyond his discharge date in violation of California law.

**DISCUSSION**

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Failure to Present a Tenable Federal Claim

The basic scope of habeas corpus is prescribed by statute.  28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In this case, Petitioner first claims his maximum prison term has been unconstitutionally lengthened as a result of the 45-day hold in violation of the Ex Post Facto Clause of the Constitution.

In Kansas v. Hendricks, the Supreme Court held that the civil commitment authorized by Kansas's Sexually Violent Predator Act was not punitive and that therefore, the Double Jeopardy Clause was not implicated. 521 U.S. 346, 369 (1997). In Hubbart v. Superior Court, the California Supreme Court, relying on the United States Supreme Court decision in Hendricks, upheld California's SVPA against challenge under the Ex Post Facto Clause by stressing the civil nature of sexually violent predator commitment. 19 Cal.4th 1138, 81 Cal.Rptr.2d 492, 512-18, 969 P.2d 584, 605-611 (1999). In particular, the California Supreme Court noted that "[t]he Legislature ... made clear that, despite their criminal record, persons eligible for commitment and treatment as SVP's are to be viewed 'not as criminals, but as sick persons.'" Id., *citing* Cal. Welf. & Inst.Code § 6250.  Therefore, since the commitment is civil in nature and not punitive, the Ex Post Facto Clause is not implicated. The claim is without merit and should be rejected.

In his second ground for relief, Petitioner alleges due process was violated when the California Board of Parole Hearings placed a 45-day hold on him in contravention of California Welfare and Institutions Code § 6601.5. This claim is entirely based on an interpretation of California statute. Generally, issues of state law are not cognizable on federal habeas. Estelle v. McGuire, 502 U.S. 62, 67, (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' "), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"). Moreover, Federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989). Here, the California courts reviewed the statutes at issue and determined that Petitioner's detention was proper. This Court is bound by that determination. Therefore, this claim also lacks merit and should be dismissed.

### RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be SUMMARILY DISMISSED for failure to present a tenable claim for relief.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and

1 Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of
2 California.
3    Within thirty (30) days after the date of service of this order, Petitioner may file written
4 objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's
5 Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant
6 to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified
7 time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th
8 Cir. 1991).

10    IT IS SO ORDERED.
11    Dated:   **March 18, 2010**              /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE